UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JAMIE SIEGEL,**<br><br>Plaintiff,<br><br>v.<br><br>**LINCOLN FINANCIAL GROUP,**<br><br>Defendant. | Civ. No. 14-0289 (KM)(SCM)<br><br>**OPINION** |

This case stems from an alleged forgery. In August of 2010, Martin Siegel decided to terminate his law firm's 401(k) plan. (Compl., ¶ 4).[1] He requested that the plan administrator make a distribution to him. (Compl., ¶ 5). For that to occur, Martin Siegel's spouse, plaintiff Jamie Siegel, would have to waive her right to a "qualified joint and survivor annuity form of payment" in writing. (Compl., ¶ 6). Jamie Siegel alleges that her husband forged her signature on the waiver form. (Compl., ¶ 9). When the plan administrator received the allegedly forged waiver, it disbursed some $106,639.36 (less tax withholdings) to Martin Siegel. (Compl., ¶ 10).

Jamie Siegel ("Siegel"), the victim of the alleged forgery, has filed a lawsuit. She does not, however, sue Martin Siegel, the alleged forger. Rather, she has sued the administrator of the 401(k) plan, defendant Lincoln Financial Group ("Lincoln"). Siegel alleges two state law causes of action: one for

---

[1] Citations to the record will be abbreviated as follows:

"Compl." – Complaint and Demand for Trial By Jury, ECF No. 1-1.
"Notice of Removal" – ECF No. 1.

1

negligence and one for breach of contract. First, she claims that Lincoln was negligent in failing to "require that the Waiver be signed in the presence of a Lincoln representative, by failing to require that the Waiver be witnessed, or by failing to take any other reasonable steps to assure that plaintiff's rights would not be destroyed." (Compl., ¶ 13). Second, Siegel alleges that the plan constituted a contract between Lincoln and the law firm, and that she was a third party beneficiary of that contract. (Compl., ¶¶ 16-17). Lincoln, she alleges, breached the contract, causing her damage. (Compl., ¶¶ 17-18).

Siegel filed her lawsuit in New Jersey state court. Lincoln removed the case to federal court. It asserts federal-court jurisdiction on two bases: (1) federal question jurisdiction (Lincoln says that Siegel's claims are governed by ERISA); and (2) diversity jurisdiction (Siegel is a citizen of New Jersey while Lincoln is a citizen of Indiana). (Notice of Removal, ¶¶ 6, 7).

Lincoln has filed a motion to dismiss under FED. R. CIV. P. 12(b)(6). It argues that the law firm's 401(k) plan was subject to the requirements and protections of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq. ERISA, Lincoln argues, preempts Siegel's state law causes of action. And because the complaint asserts only preempted state law claims, it fails to state a claim on which relief can be granted.

I cannot at present determine whether this 401(k) plan is covered by ERISA. That being the case, I cannot grant a motion to dismiss on preemption grounds. In ruling on the motion to dismiss, I consider the allegations of the complaint and two documents submitted by Lincoln: a Summary Plan Description that Lincoln provided to Siegel's employer, and the Adoption Agreement between the law firm and Lincoln. [2]

---

2    Despite this being a Rule 12(b)(6) motion to dismiss, Lincoln has attached to its papers four sets of documents: a Summary Plan Description that Lincoln provided to Siegel's employer; the Adoption Agreement between the law firm and Lincoln; several copies of plan enrollment forms from firm employees (ECF No. 12-4); and a series of cover letters that Martin Siegel sent to Lincoln enclosing a check for the Siegel firm's 401(k) matching contributions. (ECF No. 12-3). The Summary Plan Description and the Adoption Agreement are both formative, fundamental plan documents. The negligence and contract claims in the complaint are based on them. *Pension Ben.*

Siegel does not unambiguously contend that this 401(k) is not covered by ERISA. She does point out, however, that a plan which covers only the working sole owner of a company and the owner's spouse is not subject to the protections of ERISA. (Opp., 2). At least on the current record, she argues, the court cannot conclude that any employees other than her husband were participants in the plan.

Siegel is correct in saying that ERISA excludes from its scope plans that "cover" only the owner of a business:

> For purposes of title I of the Act and this chapter, the term "employee benefit plan" shall not include any plan, fund or program, other than an apprenticeship or other training program, under which no employees are participants covered under the plan, as defined in paragraph (d) of this section.

29 C.F.R. § 2510.3-3(b). The regulations further provide that "an individual and his or her spouse shall not be deemed to be employees with respect to a trade or business, whether incorporated or unincorporated, which is wholly owned by the individual or by the individual and his or her spouse." 29 C.F.R. § 2510.3-3(c)(1).

Thus, for Lincoln to establish that the firm's 401(k) plan is subject to ERISA, it will need to show that the plan covered, not just Martin Siegel himself (and the plaintiff, as his spouse), but other employees of the firm. Such coverage is not established by the complaint, the Adoption Agreement, or the

---

Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) ("We now hold that a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."). Were it otherwise, then "a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied." White Consol. Indus., 998 F.2d at 1196.

The other two documents, however, stand on a different footing. They are not attached to the complaint; they are not matters of public record. And unlike the first two documents, they are not "integral to or explicitly relied upon in the complaint." In re Rockefeller Ctr. Properties, Inc. Securities Litig., 184 F.3d 280, 287 (3d Cir. 1999).

Plan Summary Description do not establish this. While the plan documents certainly envision that employees *may* participate in the plan, they do not reflect actual enrollment by anyone. They thus do not establish that the firm's 401(k) plan was an ERISA plan.

This is a Rule 12(b)(6) motion to dismiss. Once discovery has progressed to the point that summary judgment is appropriately considered, I might find that other employees were covered, and that the firm's 401(k) plan was an ERISA plan. Alternatively, the evidence may establish the contrary, or it may conflict. At this preliminary stage, however, I cannot find that this was a plan covered by ERISA. And it therefore follows that I cannot rule that ERISA preempts Siegel's state law claims.

I address the parties individually as to the forward progress of this action.

Plaintiff Siegel, to be sure, filed her complaint in state court and perhaps did not consider whether it adequately stated a federal claim. But she cannot avoid the reach of ERISA simply by failing to attach or allude to documents that would readily prove whether the plan was covered. I will therefore give plaintiff 21 days to exercise one of two options:

(1) Rest on the complaint as filed. If plaintiff selects this option, and if the 401(k) plan is found to be an ERISA plan after the parties have conducted discovery, then preemption may be appropriate, depending on whether the state law claims "relate to" the plan.[3]

---

[3] If the plan is not an ERISA plan, then obviously preemption ceases to be an issue. If the plan is an ERISA plan, the state claims may nevertheless escape preemption, but such an outcome would represent the exception, not the rule.

ERISA preemption extends to state laws that "relate to" an employee benefit plan. *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 91-92 (1983). "[T]he provisions of [ERISA] shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . ." 29 U.S.C. § 1144(a). "A law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such plan." *Shaw*, 463 U.S. at 96-97. *See also Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 739 (1985); *Nat'l Sec. Sys., Inc. v. Iola*, 700 F.3d 65, 83 (3d Cir. 2012) ("state law" includes common law). ERISA's preemptive effect has thus been described as "expansive," or even "extraordinary." *See New York State Conference*

4

(2) A complaint can, of course, claim a violation of state law and (in addition or in the alternative) claim a violation of federal law. I therefore grant leave to amend the complaint to plead in the alternative any claim available to plaintiff under ERISA. *See generally* Fed. R. Civ. P. 15(a)(2) (leave to amend freely given); Fed. R. Civ. P. 8(d)(2) & (3) (pleading in the alternative is permissible, even if claims are inconsistent). Should discovery establish that the 401(k) plan is an ERISA plan, the state law claims may not survive. If not, or if they lie outside the scope of preemption, then the state law claims may survive.

Defendant Lincoln removed the case to federal court, claiming that Siegel's negligence and contract claims must be regarded as ERISA claims. Now, in federal court, Lincoln seeks dismissal, contending that the complaint fails to state a claim under ERISA because it pleads only state law claims.[4] Lincoln, I am sure, would blame this state of affairs on plaintiff's failure to assert a claim under ERISA. Be that as it may, the case cannot move forward while this shadowboxing continues.

I propose to get to the merits. Should Siegel file an amended pleading, Lincoln's response will be due 14 days thereafter. In any case, there will be no stay of discovery or other proceedings in the case. Issues of ERISA coverage and preemption, if they are still at issue, may be raised at the summary judgment stage.

---

*of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 655 (1995) ("The governing text of ERISA is clearly expansive."); *Menkes v. Prudential Ins. Co. of Am.*, 762 F.3d 285, 293 (3d Cir. 2014) ("ERISA possesses extraordinary pre-emptive power." (internal quotations omitted)). Preemption will be denied only when the state law's effect on the benefit plan is "too tenuous, remote, or peripheral ... to warrant a finding that the law 'relates to' the plan." *Shaw*, 463 U.S. at 100.

[4] I quote the irresistible observation of District Judge Shadur that "[a]s is typical of these preemption cases, a removing defendant tows the case into the federal harbor only to try to sink it once it is in port." *La Buhn v. Bulkmatic Transp. Co.*, 644 F. Supp. 942, 948 (N.D. Ill. 1986) (preemption under Section 301 of the Labor Management Relations Act), *aff'd*, 865 F.23d 119 (7th Cir. 1988); *quoted in Hensley v. Philadelphia Life Ins. Co.*, 878 F. Supp. 1465, 1466 n.1 (N.D. Ala. 1995) (ERISA preemption case).

## **Conclusion**

Lincoln's motion to dismiss will be denied. A separate order will issue.

March 23, 2015
Newark, New Jersey

*/s/ Kevin McNulty*

**KEVIN McNULTY**
**United States District Judge**